The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| LOUIE LAMBERT, JR. AND | ) | CASE NO. 09-65025 |
| PATRICIA LAMBERT, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

On June 23, 2010, Debtors filed an objection to the final report submitted by chapter 7 trustee Anthony J. DeGirolamo ("Trustee"). On the same day, Debtors filed amended Schedules B and C to add personal property and to make adjustments and additions to their exemptions. As a result of the amendments, Debtors are entitled to additional funds, thereby reducing the bankruptcy estate. The court conducted a hearing on August 23, 2010. Robert Goldberger, counsel for Debtors, appeared and argued that Federal Rule of Bankruptcy Procedure 1009 permits a debtor the right to amend schedules at any time. Trustee also appeared at the hearing in opposition. According to Trustee, administration of this case is virtually completed, save distribution, and Debtors should be foreclosed from now amending their schedules and exemptions. The parties were provided an opportunity to submit additional briefs and Debtors filed a memorandum in support of their position on August 30, 2010. Debtors filed a brief, Trustee did not.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a joint chapter 7 petition on December 4, 2009. According to the Statement of Financial Affairs, Debtors operated Taylor's Country Diner from 2006 through November 29, 2009. At filing, Debtor-husband was identified as retired and his wife was unemployed.

Debtors included the following jointly owned personal property on Schedule B,[1] with the corresponding exemptions claimed by Debtors:

| | |
|---|---|
| Mechanics checking account | $1,000.00 |
|     O.R.C. § 2329.66(A)(4)(a) | 800.00 |
|     O.R.C. § 2329.66(A)(18) | 200.00 |
| Security deposit with Ohio Edison | $1,000.00 |
|     O.R.C. § 2329.66(A)(18) | 1,000.00 |
| Restaurant Equipment | $5,000.00 |
|     O.R.C. § 2329.66(A)(18) | 790.00 |
|     O.R.C. § 2329.66(A)(5) | 4,050.00 |

On Schedule C, Debtors claimed exemptions which fully exempted all of the above property save $160.00 of the restaurant equipment. $4,050.00 of the exemption in the restaurant equipment was claimed under Ohio Revised Code § 2329.66(A)(5), the "tools of the trade" exemption.

Trustee successfully objected to Debtors' exemptions on January 20, 2010 on the basis that debtors were no longer operating the restaurant and therefore could not take the tools of the trade exemption. The agreed order disallowing the exemption was filed on February 12, 2010.

On June 10, 2010, Trustee filed a final report, proposing a distribution of approximately 3.5% to unsecured creditors. Trustee has $5,854.85 on hand, representing $4,000.00 from the sale of the restaurant equipment and $1,854.85 from a GFS Marketplace refund, an asset which was neither listed nor exempted at filing.

Debtors objected to Trustee's final report and, contemporaneous with the objection, amended their schedules. Changes to Schedule B included:

| | |
|---|---|
| Mechanics checking account | $2,437.97 |
| GS (sic) Food Service Refund | $1,845.85 |
| 2009 Federal Tax Refund | $1,627.00 |
| 2009 Ohio Tax Refund | $   25.93 |

---

[1] Additional property was identified, but is not pertinent to the issue before the court.

The Ohio Edison security deposit was deleted, as was the restaurant equipment.[2] Exemptions were also amended, and the following exemptions claimed in the above property:

| | |
|---|---:|
| Checking account | |
|     O.R.C. § 2329.66(A)(17) | $1,147.00 |
|     O.R.C. § 2329.66(A)(10)(b) | 800.97 |
| GFS Food Service Refund | |
|     O.R.C. § 2329.66(A)(18) | $1,375.75 |
| 2009 Federal Tax Refund | |
|     O.R.C. § 2329.66(A)(3) | 800.00 |
|     O.R.C. § 2329.66(A)(18) | 748.32 |
| 2009 Ohio Tax Refund | |
|     O.R.C. § 2329.66(A)(18) | 25.93 |

If the amendments are accepted, Debtors will be entitled to $1,375.75 from the estate's current assets, the amount of their newly claimed exemption in the GFS Food Service refund. It would also reduce the distribution to unsecured creditors. Trustee did not object to the exemptions, but did appear at the hearing on Debtors' objection to his final report.

## LAW AND ANALYSIS

Debtors argue Federal Rule of Bankruptcy Procedure 1009 gives them an unfettered right to amend their schedules any time before the case is closed. The rule reads "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and any entity affected thereby."

The Sixth Circuit recognized the capacious nature of Rule 1009 in Lucius v. McLemore, 741 F.2d 125 (6th Cir. 1984). In Lucius, the debtors failed to list two vehicles, one of which was owned free and clear, in their schedules, nor did debtors exempt any interest in the cars. When the trustee learned of the existence of the cars, he sought turnover, which was not forthcoming. He then filed an action to deny debtors a discharge. Subsequently, debtors sought to amend their schedules to add exemptions in the vehicles. The trustee objected, alleging the amendment was not timely. The Sixth Circuit disagreed and noted the "'permissive approach,' allowing amendment at any time before the case is closed and denying courts discretion to reject amendments, has been endorsed in several circuits." Lucius at 127 (citing Shirkey v. Leake, 715 F.2d 859, 863 (4th Cir. 1983); In re Doan, 672 F.2d 831, 833 (11th Cir. 1982); In re Gershenbaum, 598 F.2d 779 (3d Cir. 1979); In re Andermahr, 30 B.R. 532 (Bankr. 9th Cir. 1983)).

However, the Sixth Circuit did not endorse an unrestricted right to amend, finding that an amendment may not be allowed when the circumstances indicate a debtor acted in bad faith or concealed property of the estate. Lucius at 127; *see also* Moyer v.

---

[2] Other changes were also made to Schedule B, but are not material to this decision.

Hollinshead (In re Hollinshead), 2010 WL 727969 (B.A.P. 6th 2010) (unreported); Corcoran v. Publow, 418 B.R. 231 (E.D. Mich. 2009). Other courts in this circuit also include prejudice to creditors as a disqualifying consideration. *See* Rhiel v. Waller (In re Waller), Case No. 10-8016 (B.A.P. 6th Cir. 2010) (unreported and precedential effect specifically limited to case and parties); In re Robinson, 292 B.R. 599 (Bankr. S.D. Ohio 2003); In re Daniels, 270 B.R. 417 (Bankr. E.D. Mich. 2001); In re Asbury, 263 B.R. 839 (Bankr. S.D. Ohio 2001). Absolutes rarely exist. Case in point: at one time, debtors were permitted to freely convert from a chapter 7 to chapter 13. However, the Supreme Court tempered this right. *See* Marrama v. Citizens Bank of Massachusetts, 547 U.S. 365 (2007). Similarly, Debtors' right to amend is not unlimited.

Whether an act is taken in bad faith is based on a totality of the circumstances. *See* Hollinshead, 2010 WL 727969, * 3 (citations omitted); Robinson, 292 B.R. 599, 609 (citations omitted). Similar reviews are undertaken for various code sections, including 11 U.S.C. § 707(b). *See, e.g.*, Adell v. John Richards Homes Building Co., L.L.C. (In re John Richards Homes Building Co., L.L.C.), 439 F.3d 248 (6th Cir. 2006) (discussing bad faith under 11 U.S.C. § 303(i) and citing various bankruptcy cases employing a bad faith analysis) (citations omitted). In a footnote, the court noted three possible operational definitions of bad faith for the purposes of the section 303(i) analysis, referencing bad faith in "improper use," "improper purpose," and for actions sanctionable under Rule 9011. *Id.* at 255 (citing In re Cadillac by DeLorean & DeLorean Cadillac, Inc., 265 B.R. 574, 582 (Bankr. N.D. Ohio 2001)). Applying those definitions to the case at hand, bad faith could be found based on an "improper use" test whereby Debtors are attempting to gain an advantage through the amendments; an "improper purpose," where the actions are taken based on malevolence; or without any basis in law or fact, such as might be found in Rule 9011 violations.

Turning to the facts, the court finds that Debtors' amendments evidence bad faith as an "improper use," with resulting prejudice to creditors. The recent amendments identify two assets which were not listed: tax refunds and the GFS refund. Two other assets are completely omitted: the Ohio Edison security deposit and the restaurant equipment. Exemptions that were previously applied to these assets are now applied to the newly listed assets. Debtors actions are indicative of untenable risk-shifting. A debtor cannot wait to see how things turn out and then determine what needs to be exempted or disclosed. Just because a trustee does not "go after" an asset does not mean the exemption was "unused" and can then be applied to an unprotected asset.

In this case, there is definite prejudice to the creditors. If Debtors amendments are permitted, the estate will be reduced, diminishing the recovery to creditors. This is not inconsequential. Federal Rule of Bankruptcy Procedure 1009 also requires the debtor to "give notice of the amendment to the trustee and to any entity affected thereby." Obviously, reducing the distribution to creditors negatively impacts them, warranting notice. Debtors did not provide notice to the creditors.[3]

---

[3] The mailing matrix lists fifty-seven mailable recipients. Debtor's certificate of service certifies electronic service was made by the court to the chapter 7 trustee and the United States Trustee. Debtors did not serve any creditors. Only two creditors received the amendment via the court's CM/ECF system as part of the Electronic Mail Notice List.

Further, there is specific evidence in the record that Debtors were dilatory in acting to protect their interests. Debtors, through their counsel, sent the GFS refund to Trustee on March 23, 2010. The letter enclosed with the refund stated "I will be amending the Schedule C with a view towards protecting $2,950.00 cash for the Lamberts." Debtors, however, failed to act until AFTER Trustee filed his final report, and actually filed the amendments on June 23, 2010–three months after referencing their intent to amend. The late filing only exacerbates Debtors' bad faith.

The totality of the circumstances demonstrate that the amendments to schedules B and C were made in bad faith and result in prejudice to the creditors. The amendments shall be disallowed and Debtors' objection to the final report overruled.

An order shall be issued forthwith.

# # #

**Service List**:

Robert Goldberger
13 Park Ave W
#300
Mansfield, OH 44902

Anthony J. DeGirolamo
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702

Louie Lambert, Jr.
Patricia Lambert
1004 Fairfax
Mansfield, OH 44906